IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON JOSHUA HOLTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1676-SMY |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Byron Joshua Holton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Motion is **DENIED**.

### Factual and Procedural Background

On January 11, 2015, four masked men robbed the Shop 'n Save grocery store in Cahokia, Illinois at gunpoint. At the time, the Federal Bureau of Investigation and local police department had been jointly investigating another similar armed robbery that had occurred on December 11, 2014, at Alps grocery store in Cahokia and involved three masked, armed men. Shortly after the Shop 'n Save robbery, Holton was identified as a suspect and was interviewed by law enforcement agents. Holton eventually confessed to being one of the four armed robbers and identified the other three gunman and a getaway driver. Holton was also questioned about the Alps grocery store armed robbery and denied involvement. All four of Holton's co-conspirators admitted their involvement in the Shop 'n Save robbery. Two confessed to the Alps grocery robbery and identified Holton as the third gunman involved in that robbery.

Holton was indicted on February 19, 2015, with conspiracy to interfere with commerce by robbery, interference with commerce by robbery, and carry and use of a firearm during a crime of violence. *See United States v. Holton*, 15-cr-30061, Doc. 41. On June 17, 2015, the grand jury returned a six-count superseding indictment which added charges against Holton and two of his co-conspirators for two counts of conspiracy to interfere with commerce by robbery, two counts of interference with commerce by robbery, and two counts of carry and use of a firearm during a crime of violence relating to the Alps grocery store and Shop 'n Save robberies. *Id*. at Doc. 83. The grand jury returned a second superseding indictment on February 18, 2016, charging Holton with one count of conspiracy to interfere with commerce by robbery, three counts of interference with commerce by robbery, and three counts of carry and use of a firearm during a crime of violence for his involvement in all three robberies and the overall conspiracy. *Id*. at Doc. 193.

On September 22, 2016, Holton pleaded guilty to Counts 6 and 7 of the second superseding indictment, charging him with interference with commerce by robbery and carry and use of a firearm during a crime of violence for his role in the Shop n' Save robbery. *United States v. Holton*, 15-30016, at Docs. 281 and 284. He proceeded to a jury trial on the remaining counts of the second superseding indictment. *Id.* at Doc. 281. At the close of the evidence, the jury was instructed that Holton had pleaded guilty to Counts 6 and 7 of the second superseding indictment and not guilty to Counts 1 through 5. *Id.* at Doc. 297. On October 3, 2016, the jury found Holton guilty of conspiracy to interfere with commerce by robbery, as charged in Count 1 of the second superseding indictment, and not guilty of the counts involving the Q-Mart and Alps grocery store robberies. *Id.* at Doc. 294.

On February 9, 2017, Holton was sentenced to 180 months in prison – above the Sentencing Guidelines range of 125 to 135 month. *United States v. Holton*, 15-30016, at Doc. 9-1, p. 30. He

appealed, and the Seventh Circuit affirmed his sentence. *United States v. Holton*, 17-1406 (7th Cir. Oct. 13, 2017).

Holton raises three general claims in his § 2255 motion and multiple supplements: (1) ineffective assistance of counsel by his appointed attorney Christopher Threlkeld; (2) ineffective assistance of counsel by his appointed attorney Preston Humphrey; and (3) his Hobbs Act robbery should be vacated under *United States v. Davis*, 139 S.Ct. 2319 (2019).

### Standard of Review

An action brought under 28 U.S.C. § 2255 attempts to collaterally attack a sentence outside of the traditional avenue of appeal. As such, § 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

In considering a § 2255 motion, the district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, the Court concludes that the issues presented can be decided on the existing record; an evidentiary hearing is not necessary.

### Discussion

### Ineffective Assistance of Counsel

"In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right encompasses the right to effective

assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then determine whether Counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of counsel's performance is "highly deferential[,] ... indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To satisfy the second prong, the petitioner must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The petitioner need not show that Counsel's deficient performance "more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

With respect to his claims of ineffective assistance of counsel, Holton alleges: (1) Holton wanted to plead guilty to the first indictment but Attorney Threlkeld advised him not to; (2) Attorney Threlkeld failed to file a pretrial motion alleging that his co-conspirators were lying about

his involvement in other robberies; (3) Attorney Humphrey did not file an objection to the application of a two-level enhancement in the presentence investigation report; and (4) Attorney Humphrey was ineffective in his representation of Holton on appeal.

Holton's allegation that he was trying to plead guilty but was advised not to by Threlkeld is insufficient because a defendant cannot establish ineffective assistance of counsel based upon "naked assertions" that his attorney failed to properly advise him in plea decisions. *Galbraith v. United States,* 313 F.3d 1001, 1008-09 (7th Cir. 2002). Here, the Government offered Holton a plea to the counts pertaining to the Alp's and Shop 'n Save robberies for a low-end recommendation of approximately 35 years and dismissal of the counts pertaining to the other robberies. The record establishes that the Government's offer was conveyed to Holton on several occasions and Holton chose not to plead (*United States v. Holton*, 15-30016, at Doc. 9-2, pp. 11-12). Instead, he proceeded to trial and was acquitted of the Alp's robbery (thus fairing better than the plea that he was allegedly advised not to take). Therefore, the motion is denied with respect to this point.

Next, Holton argues that Threlkeld failed to file pre-trial motions questioning the veracity of Holton's co-conspirators. A motion attacking the credibility of witnesses would have been futile because there is no such cognizable motion – attacks on witnesses' credibility is done during trial on cross-examination. Failure to raise a losing argument or pursue a futile motion does not constitute ineffective assistance. *See Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). The motion is therefore denied on this point as well.

Holton asserts that Attorney Humphrey was ineffective at sentencing in that he did not file an objection to the application of a two-level enhancement in the presentence investigation report for a "threat of death made" during the robbery. Holton was assessed a two-level enhancement

under U.S.S.G. § 2B3.1(b)(2)(F) because a threat of death was made during the Shop 'n Save robbery to which he plead guilty. *See United States v. Holton*, 15-30016, at Doc. 174, ¶ 42. Thus, the enhancement was accurately applied and any objection would have been futile.

Holton also argues that Humphrey was ineffective because he did not have regular contact with him during the pendency of his appeal. To establish that counsel's performance was deficient, the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Hartjes v. Endicott,* 456 F.3d 786, 790 (7th Cir. 2006). The record establishes that Humphrey filed an appeal on Holton's behalf, arguing that his above-guideline sentence was an abuse of discretion. The Seventh Circuit affirmed this Court's sentence based on well-established case law. *See United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. Heckel*, 570 F.3d 791, 797 (7th Cir. 2009). As such Holton fails to establish or explain how his attorney was ineffective on appeal.

## Hobbs Act Robbery

Holton argues that his conviction for using and brandishing a firearm during and in relation to a crime of violence should be vacated pursuant to the Supreme Court's decision in *United States v. Davis*, 2019, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the definition of violent felony in § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. A crime may be considered a "crime a violence" only if it is brought under the elements clause. *Id.* at 2353.

"Crime of violence" is defined in two subparts: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Under the elements clause, "crime of violence" is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a

> substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A).

Holton was convicted in Count 6 of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). The Seventh Circuit has held that Hobbs Act robbery in violation of § 1951(a) qualifies as a "crime of violence" under § 924(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017); *see also United States v. Brown*, 973 F.3d 667, 697 (7th Cir. 2020) (rejecting argument that Hobbs Act robbery is not a crime of violence). Therefore, Holton is not entitled to relief under *Davis*.

## Conclusion

For the foregoing reasons, Holton's Petition is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Holton must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Holton has not made a substantial showing of ineffective assistance of counsel or that his sentence was unconstitutional. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

DATED:  March 10, 2023

**STACI M. YANDLE**
**United States District Judge**